IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

DAMIEN WILLIAMS

NO. 3:20-CR-00412-B

## FACTUAL RESUME

In support of Damien Williams's plea of guilty to Count One of the indictment, Damien Williams, the defendant, Paul Taliaferro Lund, the defendant's attorney, and the United States of America (the "government") stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

Attempted Child Sex Trafficking
(Violation of 18 U.S.C. § 1594(a) (18 U.S.C. § 1591(a)(1) & (b)(2))

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 1594(a) (18 U.S.C. § 1591(a)(1) & (b)(2)), Attempted Child Sex Trafficking, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that the defendant intended to commit child sex trafficking; and

*Second*, that the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.[1]

---

[1] *See* Fifth Circuit Pattern Jury Instruction (Crim.) 1.34 (2019).

Factual Resume—Page 1

To prove the substantive offense of Child Sex Trafficking in violation of 18 U.S.C. § 1591(a)(1) & (b)(2), the government must prove each of the following elements beyond a reasonable doubt:

*First*, that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, advertised, maintained, patronized, and solicited by any means a person;

*Second*, that the defendant committed such act knowing or in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

*Third*, that the defendant's acts were in or affected interstate commerce.[2]

## STIPULATED FACTS

1. Damien Williams admits and agrees that, between on or about June 20, 2020, and on or about July 28, 2020, in the Dallas Division of the Northern District of Texas, in and affecting interstate commerce, he did knowingly attempt to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means a person, who had not attained the age of 18 years, knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

2. Specifically, on June 20, 2020, Williams initiated communication with an account on a social media website that was maintained by a Homeland Security Investigations (HSI) undercover agent (UCA) representing as a 16-year-old female. In a series of communications beginning on June 20, 2020, and ending on July 28, 2020, Williams attempted to recruit the UCA to engage in commercial sex at his direction.

---

[2] *See* Fifth Circuit Pattern Jury Instruction (Crim.) 2.68 (2019).

When the UCA told Williams that he / she was 16 years old, Williams responded, "Lord haff mercy. . . . U tryna send me to jail." He then asked the UCA to "Send me sum pics."

3. On July 6, 2020, Williams posted a commercial sex advertisement on skipthegames.com that listed the sexual services available and contained the telephone number that Williams had obtained from the UCA. Williams directed the UCA about the prices for commercial sex acts and told the UCA "to stay in constant contact with me" and "Errytime u bout to go on a date u text me."

4. Also on July 6, 2020, Williams provided instructions for the electronic transfer of the commercial sex proceeds, telling the UCA to make a Western Union money transfer and send the proceeds to "Damien Williams" in "Chattanooga Tennessee." Williams subsequently expressed frustration that the UCA had not yet transferred the proceeds, and instructed the UCA to send the proceeds to "Kandi Lucas" in "Chattanooga Tennessee" using "Walmart 2 Walmart" or a Western Union money transfer. On July 10, 2020, the UCA subsequently transferred $650 in proceeds in accordance with Williams's instructions. Williams confirmed that he received the proceeds.

5. On July 13, 2020, Williams posted a second commercial sex advertisement on tagged.com. Once again, the advertisement listed the sexual services available and directed customers to the telephone number provided by the UCA.

6. The following day, Williams asked the UCA "[d]id u get any calls" and "[h]oe much did u make" in commercial sex proceeds. The UCA responded, "500 last night." Williams instructed the UCA to send the commercial sex proceeds to "Susan

Cocke" via Walmart money transfer. On July 16, 2020, the UCA transferred $500 in proceeds in accordance with Williams's instructions.

7. Williams admits and agrees that he intended to commit the crime of child sex trafficking, and that he took numerous substantial steps toward the commission of that crime, including by posting commercial sex advertisements.

8. Williams admits and agrees that he knowingly attempted to recruit, entice, harbor, transport, provide, obtain, maintain, advertise, maintain, patronize, and solicit the HSI UCA, and that he committed such acts knowing that the UCA had not attained the age of 18 years and would be caused to engage in a commercial sex act.

9. Williams further admits and agrees that he used the Internet and cellular telephones to engage in the offense conduct, and thus his acts were in and affected interstate commerce.

10. Williams further admits and agrees that UCA chats in this case were conducted in the Dallas Division of the Northern District of Texas and elsewhere.

11. Williams agrees that he committed all the essential elements of the offenses to which he is pleading guilty. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 23 day of ~~January,~~ FEBRUARY 2021.

_____
DAMIEN WILLIAMS
Defendant

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

*Rebekah Ricketts*
_____
Rebekah Ricketts
Assistant United States Attorney
Texas Bar No. 24074883
1100 Commerce Street, Room 300
Dallas, Texas 75242-1699
Telephone: 214-659-8744
Facsimile: 214-659-8800
Email: rebekah.ricketts@usdoj.gov

_____
PAUL TALIAFERRO LUND
Attorney for Defendant